UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COVENTRY COURT, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:22-CV-233-HAB |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiffs allege that employees of the United States Postal Service ("USPS") allowed unauthorized individuals to access their post office box. Defendants have responded to Plaintiffs' suit by moving to dismiss, arguing, among other things, that Plaintiffs' claims are barred by an exception to the Federal Tort Claims Act ("FTCA"). (ECF No. 6). That motion is now fully briefed (ECF Nos. 7, 14, 15) and ripe for ruling.

**I.    Plaintiffs' Allegations**

Plaintiff James Calkins ("Calkins") owns several LLCs ("LLC Plaintiffs") that operated rental properties in Fort Wayne, Indiana. Calkins opened a PO box ("PO Box") for the LLC Plaintiffs in early 2020 at the USPS' Waynedale branch. Plaintiffs directed all vendors to send mail for the LLC Plaintiffs to the PO Box and not to any of the individual properties. Calkins also received personal mail at the PO Box.

In November 2020, all rental properties owned by the LLC Plaintiffs was sold to a group of New Jersey LLCs. Although they no longer owned the rental properties, the LLC Plaintiffs were not dissolved and remained active corporations. The LLC Plaintiffs were not part of the sale and Calkins continued to own them.

Following the sale, Plaintiffs allege that USPS employees allowed the New Jersey LLCs to access the PO Box. They allege that the unauthorized access continued even after Calkins and his wife met with a USPS employee to complain and after they completed a USPS form stating that they were the only two authorized to retrieve mail from the PO Box. Plaintiffs have been unable to retrieve all mail improperly taken from the PO Box and some of the mail they have retrieved has been opened.

Based on these facts, Plaintiffs filed a two-count complaint against Defendants alleging violations of federal statutes and state tort claims. Through the briefing on Defendant's motion, Plaintiffs have clarified that they are only bringing a claim under the FTCA against the United States of America.

## II.     Legal Analysis

### A.     *Motion to Dismiss Standard*

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1) and (b)(6), which is appropriate when the motion is based on the FTCA. By arguing Plaintiffs' claims are not actionable under the FTCA, the United States has invoked sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives sovereign immunity as to certain tort claims. 28 U.S.C. § 1346(b). "In most cases, a plaintiff's failure to state a claim under Rule 12(b)(6) does not deprive a federal court of subject-matter jurisdiction." *Brownback v. King*, 141 S. Ct. 740, 749 (2021). But "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Id*. So if Plaintiffs fail to sufficiently plead an FTCA claim under Rule 12(b)(6), then the United States retains sovereign immunity, and the Court lacks subject-matter jurisdiction. In such cases, "the district court may dismiss the claim under Rule 12(b)(1) or Rule 12(b)(6). Or both. The label does not

change the lack of subject-matter jurisdiction, and the claim still fails on the merits because it does not state a claim upon which relief can be granted." *Id*. at 749, n.8.

Rule 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. Cty. Of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). But courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint's allegations must "raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*.; see also *Bissessur v. Ind. Univ. Bd. of Trs*., 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Put another way, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co*., 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Defendants' motion to dismiss under Rule 12(b)(1) contends that the court lacks subject matter jurisdiction to hear Plaintiffs' Complaint. Fed. R. Civ. P. 12(b)(1). "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case," and "[i]n the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). Still, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 588-89.

Further, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). "When subject-matter jurisdiction—which is to say, the power to hear and decide the case at all— is at stake, a district judge may resolve factual disputes and make any findings necessary to determine the court's adjudicatory competence." *Craftwood II, Inc. v. Generac Power Systems, Inc.*, 920 F.3d 479, 481 (7th Cir. 2019).

**B.**     ***Plaintiffs' Claims are Barred by Sovereign Immunity***

The FTCA constitutes a clear, limited waiver of sovereign immunity for tortious acts or omissions by government employees in the course of their work when "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* 28 U.S.C. § 1346(b)(1). The FTCA provides that federal district courts have exclusive jurisdiction over civil actions against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id*.

4

The FTCA applies to "tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). That said, the FTCA also includes specific exceptions to which its waiver of sovereign immunity does not apply. *See* 28 U.S.C. § 2680. Section 2680(b) provides that: "The provisions of this chapter and section 1346(b) of this title shall not apply to. . .[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Thus, the FTCA does not waive the United States' sovereign immunity for any claims related to "loss, miscarriage, or negligent transmission" of packages or letters sent through the USPS, so such claims against the United States are barred. *See id*. If a claim against the United States under the FTCA falls under any of the exceptions laid out in section 2680, including the "postal matter" exception, "a district court must dismiss for lack of subject matter jurisdiction." *See Smith v. United States*, 546 F.2d 872, 876 (10th Cir. 1976).

In *Dolan v. United States Postal Service*, the Supreme Court suggested that the "postal matter" exception applies to "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." 546 U.S. 481, 489 (2006). In that case, the Court held that a plaintiff could bring a valid tort claim against the United States when she tripped over a package negligently placed on her porch and suffered injuries. *Id*. at 492. The Court held that the negligent conduct leading to her fall, unlike negligent conduct leading to undelivered or damaged letters and packages, was unrelated to the "loss, miscarriage, or negligent transmission of letters or postal matter" such that it fell under the "postal matter" exception to the FTCA. *Id*. at 485–86. The Court opined that "[i]llustrative instances of the exception's operation, then, would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information." *Id*. at 489. "Such harms, after all, are the sort

5

primarily identified with the Postal Service's function of transporting mail throughout the United States." *Id*.

The Court finds that Plaintiffs' claims allege harms that flow naturally from the USPS' functions and are therefore excluded from the FTCA's waiver of sovereign immunity. Plaintiffs allege, generally, that the USPS and its employees allowed someone else to access the PO Box, leading to mail not reaching Plaintiffs. For the FTCA, and from the perspective of Plaintiffs, this is little different from a claim that mail was not delivered, *Valdez v. United States*, 365 F. Supp. 3d 1181 (D.N.M. 2019), or stolen, *Watkins v. United States*, No. 02 C 8188, 2003 WL 1906176 (N.D. Ill. Apr. 17, 2003), by USPS employees, instances in which the postal matter exception has been held to apply. All are, effectively, "loss" of mail, and excluded from the waiver of sovereign immunity in the FTCA.

Nor does it matter that Plaintiffs style their claims as intentional torts. On this point, the Court adopts the reasoning in *Watkins*. Reviewing the plain language of 28 U.S.C. § 2860, its legislative history, and judicial interpretations, the Northern District of Illinois concluded that Congress intended to include intentional acts within the postal matter exception. *Watkins*, 2003 WL 1906176, at *4-5. The district court's conclusion rings particularly true: "If we were to construe the § 2680(b) exception as excluding intentional torts, potential litigants would simply recast their lost-mail claims as ones for mail theft in order to survive the jurisdictional bar, thus opening the floodgates of litigation and contravening the intent of the exclusion." *Id*. at *5. This reconstruction of a lost mail claim into something more nefarious is precisely what has occurred here.

Plaintiffs' authorities do not change this conclusion. *Suchomajcz v. United States*, 465 F. Supp. 474 (E.D. Penn. Jan. 29, 1979), rejected the application of the postal matter exception based

6

on the court's conclusion that the claim, arising out of the delivery of fireworks to children, was not one where it would be "unjust" to make the Government liable or "difficult" for the Government to defend. *Id*. at 476. While the court's focus could be supported by legislative history, it is far-afield from the "Postal Service function" analysis announced in *Dolan*. *Suchomajcz*, then, is based on an outdated view of the postal matter exception.

*Avery v. United States*, 434 F. Supp. 937 (D. Conn. 1977), is even less applicable. There, the district court found that a CIA program of intercepting and reviewing mail was not immunized by the postal matter exception. *Id*. at 944-45. While the claim involved letters, it had nothing to do with the USPS' function. Nor did the claim even assert wrongdoing by the USPS. Instead, it addressed a CIA program, ostensibly conducted in the name of national security. *Avery* bears little resemblance to this case.

Finally, Plaintiffs rely on *Honeycutt v, United States*, 622 F. Supp. 2d 350 (S.D.W.V. 2008). There, the plaintiff brought a claim against the USPS after a postal employee opened her package and discussed its contents "in a demeaning manner." Focusing on the definition of "miscarriage," the district court found that the postal matter exception did not apply. *Id*. at 353. Whether or not that conclusion was correct, and the Court has serious questions whether *Honeycutt*'s focus on individual words follows *Dolan*'s focus on whether the act is a "Postal Service function," it was dicta since the case was then dismissed on Rule 12(b)(6) grounds. *Id*. at 355; *Bembenek v. Donohoo*, 355 F. Supp. 2d 942, 949 (E.D. Wis. 2005) (defining "dicta" as statements in a judicial opinion "that could have been deleted without seriously impairing the analytic foundations of the holding"). Of course, no district court opinion is binding, *Slep-Tone Entm't Corp. v. Kalamata, Inc.*, 75 F. Supp. 3d 898, 905 (N.D. Ill. 2014), but *Honeywell*'s dicta lacks even the persuasive value that it might have had if it represented the holding.

Ultimately, Plaintiffs allege that Defendants failed to police access to a PO Box, something that is essential to the USPS' function. Under *Dolan*, their claims fall within the postal function exclusion. The Government has not waived its sovereign immunity for such claims. This Court lacks subject matter jurisdiction over this suit, and it must be dismissed.

### III.  Conclusion

For these reasons, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED. This case is DISMISSED.

SO ORDERED on November 8, 2022.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT